# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MELVA GOULBOURNE,**

    **Plaintiff,**

**-vs-**                **Case No. 6:02-cv-1123-Orl-KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

_____

## ORDER

  This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PETITION FOR AWARD OF ATTORNEY'S FEES, EXPENSES, AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (Doc. No. 35)**
>
> **FILED:** **January 4, 2005**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part.

  The plaintiff, Melva Goulbourne, seeks an award of attorney's fees, expenses, and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. On February 6, 2004, I entered an order affirming the decision of the Commissioner of Social Security denying Goulbourne's application for social security benefits. Doc. No. 22. Goulbourne appealed this decision to the United States Court of Appeals for the Eleventh Circuit, and, on December 2, 2004, the Court of Appeals issued a mandate reversing and remanding this Court's decision. Doc. Nos.

24, 32. A final judgment reversing the decision of the Commissioner of Social Security was entered on December 2, 2004. Doc. No. 34. An award of fees, costs, and expenses is, therefore, ripe for consideration.

Goulbourne's attorney, Juan C. Gautier, seeks $5,330.44 in attorney's fees for 35.8 hours of work. The hourly rates he seeks are $144.43 for 4.30 hours of work performed in 2002, $147.73 for 16.10 hours of work performed in 2003, and $151.36 for 15.40 hours of work performed in 2004. Doc. No. 37 ¶ 8. The EAJA sets a ceiling of $125.00 on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index. 28 U.S.C. § 2412(d)(2)(A). The hourly rates Gautier requests reflect correct interpretations of the EAJA's rate calculation provisions. *See Curet v. Cmm'r*, No. 6:03-cv-1469-18DAB, Doc. No. 34 (M.D. Fla. Sept. 29, 2004) (approving a rate of $151.53 for work Gautier performed in 2004); *Jones v. Barnhart*, No. 6:03-cv-101-Orl-KRS, Doc. No. 27 (M.D. Fla. July 28, 2004) (approving an EAJA rate of $147.73 for 2003); *United States v. Adkinson*, 256 F. Supp. 2d 1297, 1313 (N.D. Fla. 2003) (approving an EAJA rate of $144.46 for 2002); *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) (approving an EAJA rate of $143.46 for 2002).

The defendant, the Commissioner of Social Security, contends that some of the hours that Gautier worked were unreasonable and, therefore, not properly charged to the Commissioner. Doc. No. 38. Specifically, the Commissioner contends that the hours for which Gautier is compensated should be adjusted in the following ways: (1) time spent preparing a brief for appeal to the United States Court of Appeals for the Eleventh Circuit should be reduced from 9.50 hours

to 3.50 hours; (2) time spent preparing an amended notice of appeal should not be compensated; (3) time spent preparing a motion for extension of time to file an appellate brief should not be compensated; and (4) time spent reviewing a notice of dismissal, calling to seek reinstatement, and reviewing an order reinstating the appeal should not be compensated. Doc. No. 38 at 4-5. The Commissioner contends that the 9.5 hours Gautier seeks for composing an appellate brief was excessive, based on his experience and the fact that the brief appears to have been largely duplicative of the memorandum of law he previously filed in this Court. *Id.* In addition, the Commissioner contends that the other time entries she identifies reflect time incurred as a result of Gautier's lack of diligence. *Id.* In total, the Commissioner seeks to have the number of compensable hours incurred during 2004 reduced from 15.40 to 8.45. *Id.* at 5.

When applying to the court for an award of fees, applicants must exercise "billing judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A proper exercise of "billing judgment" means that the fee applicant has excluded "excessive, redundant, or otherwise unnecessary [hours]." *Id.* Such hours "would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Norman v. Hous. Auth.*, 836 F.2d 1292, 1301 (11th Cir. 1988). "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (internal quotations omitted). Fee applicants must also provide "fairly definite information" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v.*

*Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).  Opponents of fee applications have the duty to provide specific and reasonably precise objections and proof concerning hours that should be excluded from the award.  *Barnes*, 168 F.3d at 428.  In addition, a litigant who prevails on appeal and would otherwise be eligible for an award of attorney's fees, expenses, and costs under the EAJA, is entitled to compensation for amounts incurred defending the appeal.  *Jean v. Nelson*, 863 F.2d 759, 770 (11th Cir.1988).

In the present case, the parties to not dispute that Goulbourne prevailed on appeal.  Therefore, she is entitled to an attorney's fee award for hours her attorney reasonably worked in defending the appeal.  *Id.*  The Commissioner contends that the number of hours that Goulbourne's attorney worked in preparing her appellate brief is excessive.  Doc. No. 38.  The memorandum of law that Goulbourne filed in this Court contains similar content to the brief she filed before the Eleventh Circuit.  *Compare* Doc. No. 20 *with* Doc. No. 38 ex. A.  Gautier's time entries indicate that he spent over thirteen hours composing the memorandum of law on May 5, 2003, and an additional 9.5 hours composing the appellate brief on May 21, 2004.  Doc. No. 35 ex. A.  However, comparison of the documents also reveals that the appellate brief required a substantial amount of original work.  For example, the appellate brief contains a table of authorities, a unique certificate of interested persons, a unique statement of jurisdiction, a unique standard of review, an analysis tailored to the appellate posture of the case, and assembly and attachment of exhibits which were not part of Goulbourne's filings in this Court.  *See* Doc. No. 38 ex. A; *compare* Fed. R. App. P. 28 (setting out requirements for appellate briefs) *with* Doc. No. 17 (setting out requirements for memoranda of law filed in the present case).  I find that 9.5 hours is a

reasonable amount of time to have spent preparing an appellate brief that conforms to the Federal Rules of Appellate Procedure.

Next, I consider the hours that the Commissioner contends were incurred due to Gautier's lack of diligence. The Commissioner contends that Gautier incurred 0.95 hours of time that was not compensable. Doc. No. 38 at 4-5.[1] On May 26, 2004, the Court of Appeals dismissed Goulbourne's claim for lack of prosecution. Doc. No. 27. Each of the entries to which the Commissioner objects reflects work which would not have been required if it were not for oversights and failures to prepare documents within ordinary deadlines. *Norman*, 836 F.2d at 1301. Accordingly, I find that these entries reflect time which was not reasonably incurred, and that an award of attorney's fees should be reduced by 0.95 hours for 2004.

In conclusion, I find that the total number of hours of attorney time for which Goulbourne is compensated should be reduced by 0.95 hours for the year 2004. This results in an attorney's fee award of $2,187.15 for 14.45 hours of work performed in 2004, for an overall attorney's fee award of $5,186.65.[2]

---

[1] The specific time entries to which the Commissioner objects include: (1) "Filing Amended Notice of Appeal" for 0.10 hours on March 22, 2004; (2) "Telephone call to Assistant U.S. Attorney; Motion for Extension to file Memo" for 0.25 hours on May 8, 2004; (3) "Receipt and review Notice of Dismissal" for 0.15 hours on May 20, 2004; (4) "Telephone call to Assistant U.S. Attorney; Motion to Re-Instate Appeal" for 0.25 hours on May 20, 2004; and (5) "Receipt and review Order reinstating appeal" for 0.20 hours on July 7, 2004. Doc. No. 35 ex. A.

[2] Work performed in 2002 ($144.43)(4.3) + work performed in 2003 ($147.73)(16.10) + work performed in 2004 ($151.36)(14.45) = $5,186.65.

Goulbourne also seeks reimbursement for $188.31 in costs and $400.00 in expenses. Doc. No. 35. The Commissioner does not oppose these costs and expenses. Doc. No. 38 at 6. In the absence of objection to these costs and expenses, I find that they are reimbursable.

It is, therefore, ORDERED that the Petition for Award of Attorney's Fees, Expenses and Costs Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 is GRANTED in part, and Goulbourne is awarded $5,186.65 in attorney's fees, $188.31 in costs, and $400.00 in expenses.

**DONE** and **ORDERED** in Orlando, Florida on May 10, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties